UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL RUSSELL,

                Plaintiff,

  -against-

NASSAU COUNTY COMMISSION ON HUMAN RIGHTS,
COUNTY OF NASSAU, TODD GOLDFARB, in his individual
and official capacity, Director of Personnel of Nassau County
Commission on Human Rights, NASSAU COUNTY CIVIL
SERVICE COMMISSION, KARLE KAMPE, in his individual
and official capacity, Commissioner of Nassau County Civil
Service Commission,

                Defendants.
------------------------------------------------------------------X

CV 07 1686
(DRH)(AKT)

# DEFENDANTS' PROPOSED JURY CHARGES

                                          CARNELL T. FOSKEY
                                          Acting Nassau County Attorney
                                          Attorney for the Defendants
                                          One West Street
                                          Mineola, New York 11501

                              By:    Michelle M. Faraci
                                     Deputy County Attorney
                                     (516) 571-3931

### Preponderance of the evidence

Plaintiff Russell has the burden of proving each and every element of his claim by a preponderance of the evidence. If you find that plaintiff Russell has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant .

3C Fed. Jury Prac. & Instr. § 170.40 (5th ed.), 3C Fed. Jury Prac. & Instr. § 170.40 (5th ed.)

### Retaliation

Plaintiff claims that defendant discriminated against plaintiff because plaintiff opposed a practice made unlawful by Title VII of the Civil Rights Act of 1964.

In order to prevail on this claim, Plaintiff must show all the following:

First: Plaintiff engaged in conduct protected by Title VII of the Civil Rights Act of 1964;

Second: Plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

Third: Defendant took an adverse employment action against plaintiff because of the plaintiff's protected conduct protected by Title VII of the Civil Rights Act of 1964 and that but for the protected conduct, he there would have been no "materially adverse employment action." 3C Fed. Jury Prac. & Instr. § 171.25 (5th ed.), 3C Fed. Jury Prac. & Instr. § 171.25 (5th ed.)

### Materially Adverse Employment Action

An action is "materially adverse" if the challenged action could well discourage a reasonable employee from complaining about discrimination. However, a "bruised ego," a "demotion without change in pay, benefits, duties, or prestige," or "reassignment to [a] more

1

inconvenient job" are all insufficient to constitute a tangible or material adverse employment action.

*Burlington Indus., Inc. v Ellerth*, 524 US 742, (1998); *Whethers v Nassau Health Care Corp.*, 06-CV-4757 DRH MLO, 2013 WL 3423111 (E.D.N.Y. July 8, 2013)

### Pretext

Plaintiff Russell has introduced evidence that defendant's articulated reason for defendant's action is a pretext for retaliation. When you consider plaintiff's evidence of pretext, remember that the relevant question is whether defendant's reason was not the real reason for defendant's actions. You are not to consider whether defendant's reason showed poor or erroneous judgment. You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for retaliation. You may consider whether defendant's reasons are consistent with defendant's own policies and rules and whether defendant has applied these policies and rules uniformly. You should also carefully evaluate any subjective reasons defendant Nassau County has asserted for its actions. Plaintiff Russell has the burden to persuade you by a preponderance of the evidence that defendant took action against Russell because he engaged in protected activities. If you do not believe defendant's explanations, you may, but are not required to, infer that that plaintiff has satisfied plaintiff's burden of proof that defendant intentionally retaliated against plaintiff Russell because of his protected activities.

3C Fed. Jury Prac. & Instr. § 170.22 (5th ed.), 3C Fed. Jury Prac. & Instr. § 170.22 (5th ed.)
    Dated: April 26, 2013.

## Breach of Contract

When an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to that agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract,

Unless the contract provides otherwise, only when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer

*Board of Educ., Commack Union Free School Dist. v. Ambach*, 70 N.Y.2d 501, 508 (1987) cert. denied 485 U.S. 1034 (1988); *Ambrosino v Vil. of Bronxville*, 58 AD3d 649, 651 (2d Dept 2009),

Mineola, New York

                              Respectfully submitted,

                              CARNELL T. FOSKEY
                              Acting Nassau County Attorney
                              Attorney for the Defendants
                              One West Street
                              Mineola, New York 11501
By:                         Michelle M. Faraci
                              Deputy County Attorney
                              (516) 571-3931